IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-73,625-02




EX PARTE MICHAEL BLAKE BOURNE, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W11038-2 IN THE 355TH DISTRICT COURT
FROM HOOD COUNTY




            Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to twenty-eight years’ imprisonment. The Second Court of Appeals dismissed
his appeal. Bourne v. State, No. 02-09-00138-CR (Tex. App.—Fort Worth 2009, no pet.). 
            In a single ground, Applicant contends that appellate counsel failed to timely file notice of
appeal. Applicant raised this claim in the -01 application, and the trial court recommended that we
grant Applicant an out-of-time appeal. We dismissed that application, however, because it did not
comply with 73.1(a) of the Rules of Appellate Procedure. In the present application, the trial court
found that there are no controverted, previously unresolved facts material to the legality of
Applicant’s conviction and recommended that we deny his application. Given the trial court’s
recommendation to grant in the -01 application, we believe that the trial court should make further
findings of fact and conclusions of law. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); Ex parte
Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is
the appropriate forum for findings of fact. The trial court shall order trial counsel


 to respond to
Applicant’s claim. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            After reviewing the record in the -01 application as well as trial counsel’s response, the trial
court shall make further findings of fact and conclusions of law as to whether Applicant was denied
his right to a meaningful appeal. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claim for
habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
Filed: November 27, 2013
Do not publish